# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA

## MOTION BY A PERSON IN FEDERAL CUSTODY
## TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

| UNITED STATES DISTRICT COURT | Division Pensacola | |
|---|---|---|
| Name of Movant/Defendant<br>Billy Ray Scarlett | Prisoner No.<br>45150-079 | Case No.<br>3:05cr61/LAC |
| Place of Confinement (including address)<br>FCC Beaumont-Medium, P.O. Box 26040, Beaumont, Texas 77720 | | |
| UNITED STATES OF AMERICA     v.     BILLY RAY SCARLETT<br>(name under which convicted) | | |

### MOTION

1. Name and location of court which entered the judgment of conviction under attack: United States District Court, Northern District of Florida, Pensacola Division [1]/

2. Date of judgment of conviction: __January 23, 2007__

3. Length of sentence: __98 months prison term/ 6 years Supervised release__

4. Nature of offense involved (all counts): __Count I, Conspiracy to Distribute Cocaine in violation of 21 U.S.C. § 846, and Count II, Use of a Firearm in Relation to a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)__

5. What was your plea? (Check one)
   (a) Not Guilty    XXXX
   (b) Guilty        ☐
   (c) Nolo contendere ☐

If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details: __N/A__

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury          XXXX
   (b) Judge only    ☐

7. Did you testify at the trial?   Yes ☐ No XXX

---

[1]/. Represented by: Thomas Barker Dupont, II, 1900 North Loop West, Suite 430, Houston, Texas 77018

1

8. Did you appeal from the judgment of conviction to the Eleventh Circuit Court of Appeal?
   Yes ☐   No ☒

9. If you did appeal, answer the following:

   (a) Result: _____**N/A**_____

   (b) Date of result and mandate: _____**N/A**_____

10. Did you file a petition for rehearing?
    Yes ☐   No ☐

11. If you did file a petition for rehearing, provide the date and result of the petition: _____
    _____**N/A**_____

12. Did you file a petition for certiorari review?
    Yes ☐   No ☒

13. If you did file a petition for certiorari review, provide the date and result of the petition: _____
    _____**N/A**_____

14. Have you previously filed any post-conviction petitions, applications or motions, including previous § 2255 motions, with respect to this judgment in any federal court?
    Yes ☐    No ☒

15. If your answer to 14 was "yes," give the following information:

    (a) (1) Name of court: _____**N/A**_____

    (2) Nature of proceeding: _____**N/A**_____

    _____

    (3) Grounds raised: _____**N/A**_____

    _____

    _____

    _____

    _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐    No ☐
                          **N/A**

    (5) Result: _____

    (6) Date of result: _____**N/A**_____

    (b) If you filed more than one such petition, please include the same information requested in 11(a) on a separate sheet of paper.   **N/A**

2

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on your petition, application or motion?
   (1) First petition, etc.          Yes ☐     No ☐
   (2) Second petition, etc.       Yes ☐     No ☐

(d) If you did *not* appeal from the adverse action of any petition, application or motion, explain briefly why you did not: _____

_____

_____

_____

16. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

**Caution: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.**

A. Ground one: **Trial counsel failed to investigate rendering Movant ineffective assistance of counsel.**

Supporting FACTS (state *briefly* without citing cases or law): **Trial counsel's incompetency was evidence by his lack of thorough investigation that deprived Movant of a potential defense and to these conspicuous errors, what would have been a credible challenge** was unperceived, therefore counsel's performance fell below established competence standards. **The Government's case against Movant hinged upon** the testimony of Mark Tyson and Harold Holley, who trial counsel failed **to take reasonable preparatory steps for the purpose of adducing impeach-**ment evidence needed to implement his trial strategy of attacking the **credibility of the Government's witnesses; failed to investigate alternative** lines of defense; and failed to investigate and adequately cross-examine the government's witnesses. **2/**

B. Ground two: **The Court erred by its erroneous instructions to the jury during deliberation.**

Supporting FACTS (state *briefly* without citing cases or law): **The Court committed reversible** error by erroneously instructing the jury after returning a verdict on **the firearm charge "that the jury could not find Movant guilty of the** firearm without finding him guilty of the drug offense" as charged in **the indictment, and sent the jury back to deliberate the drug offense** charge, in which the jury then switched it's verdict by finding Movant **guilty of the drug offense and acquited Movant on the firearm offense.**

_____

**3/**

---

2/.
3/. Movant preserve the right to present his legal arguments in reply to the Government's response to this § 2255 motion.


C. Ground three: **Trial counsel was ineffective at sentencing.**

Supporting FACTS (state *briefly* without citing cases or law): Trial counsel raised numerous claims at sentencing regarding the sufficiency of the evidence, none-the less failed to preserve them for appeal, in which exist a possibly resonable likelihood of a more favorable outcome on appeal had the claims been preserved, and if condoned, will result in a complete miscarriage of justice base on Movant's objection and the sentencing transcript. See Movant's Objections to the PSI and sentencing transcript.

4/

D. Ground four: **Trial counsel failed to perfect an appeal thereby rendering ineffective assistance of counsel.**

Supporting FACTS (state *briefly* without citing cases or law): Trial counsel failure to commiunicate with Movant regarding his right to appeal were insufficient to fulfill his duty, thereby rendering constitutionally ineffective assistance when he failed to file a notice of appeal of Movant's 98-month sentence, deprived Movant of his statutory right to direct appeal from his criminal conviction. After the court rejected counsel's motion to withdraw prior to sentencing, counsel induced Movant into signing a piece of paper. See attached Declaration.

5/

17. As to the grounds listed in 16A, B, C, and D, explain whether any grounds were previously presented, and for those that were not previously presented, state *briefly* your reasons for not presenting them: _____

Counsel failed to perfect an appeal on behalf of the Movant after jury trial.

18. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐   No ☒

19. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐   No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

N/A

4/.
5/. Movant preserve the right to present his legal arguments in reply to the Government's response to this § 2255 motion.

4

(b) Give date and length of the above sentence: _____ **N/A** _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?  **N/A**
Yes ☐  No ☐

16. What relief do you request from this Court? _____

_____

_____

Wherefore, movant prays that the Court grant the relief to which he or she may be entitled in this proceeding.

*Billy Ray Scarlett*
Signature of Attorney (if any)

**BILLY RAY SCARLETT, pro se**

I declare under penalty or perjury that the foregoing is true and correct. Executed on:

11-28-07
(Date)

*Billy Ray Scarlett*
Signature of Movant/Defendant
**BILLY RAY SCARLETT, pro se**

IF MAILED BY PRISONER:

I declare or state under penalty of perjury that this petition was (check one):
☒ delivered to prison officials for mailing, or ☐ deposited in the prison's internal mail system on:
11-28-07 _____ (date).

*Billy Ray Scarlett*
Signature of Movant/Defendant
**BILLY RAY SCARLETT, pro se**

Revised 07/02

5

```
STATE OF TEXAS      )
                    )SS:
COUNTY OF JEFFERSON )
```

## DECLARATION BY BILLY RAY SCARLETT IN SUPPORT OF § 2255 MOTION

I, Billy Ray Scarlett, Federal Register No. 45150-079, a federal prisoner presently confined at the Federal Correctional Complex (FCC), Beaumont-Medium, P.O. Box 26040, Beaumont, Texas 77720, does hereby declare under the penalty of perjury pursuant to 28 U.S.C. § 1746, that the statements made herein are true and correct to the best of my knowledge belief and states the following.

I am not guilty of the offense for which I am now serving a sentence of 98 months in federal prison. In my case witness Mark Tyson's sister and codefendant Joyce Tyson could have corroborated my claim that I was not part of the offense charged in the government's indictment and would have discredited the most crucial aspects of Mark Tyson's testimony, if my counsel had put Joyce Tyson on the witness stand. I asked my trial counsel to call Joyce Tyson as a witness. Mark Tyson had already admitted in State Court under oath that I had nothing to do with the drugs found on the date of my arrest. My counsel failed to thoroughly investigate.

After the jury found me guilty of Count I of the Two Count Indictment, and prior to my January 23, 2007, sentencing hearing, I informed my defense counsel Thomas Barker Dupont, II, that regardless of what sentence Judge Collier imposed, I wanted to appeal my case to the Fifth Circuit. On January 21, 2007, without my knowledge, counsel Dupont filed a motion to withdraw as my counsel, in which during my sentencing hearing, Judge Collier denied the motion. Mr. Dupont had not consulted me or my family regarding terminating his representation as my counsel.

During my sentencing hearing on January 23, 2007, and after Judge Collier denied counsel Dupont's motion to withdraw, Mr. Dupont wrote on a piece of regular paper something pertaining to his representation and my appeal in which he induced me into signing without explaining to me what it was I was signing after Judge Collier denied his motion.

I specifically informed Mr. Dupont that I wanted to appeal from my conviction, and he failed to perfect an appeal on my behalf. I had numerous grounds that could have been presented on direct appeal, including sentencing issues. I believe I do have a statutory right to appellate review from my conviction, in which I was deprived of due to Mr. Dupont failure to perfect an appeal on my behalf. Since my conviction, government witness Mark Tyson has written a letter to my mother stating that he had lied and have asked for forgivefulness, and codefendant Joyce Tyson has informed me that the government's witness came to court during her trial high and intoxicated and the court ordered him in custody to sober him up so he could testify, who also testified in my trial.

I believe I have presented true facts of fundamental defects in my case that inherently resulted in a complete miscarriage of justice or an omission inconsistent with the rudimentory demands of fair procedure and the court should conduct a thorough review of the record and order an evidentiary hearing to resolve any disputed issues of fact, before determining the merits of my claims. I believe I am entitled to relief.

- 6 -

My attorney was not prepare for trial and had asked the Court for a continuous that was denied. Trial counsel told me that he would ask for a continuous until after the first of the year. I asked him why, and he answered that "we aren't ready." Counsel further told me that he had to get my codefendant's trial transcript and study them to prepare a good defense. Trial counsel had not thoroughly investigated my case or a defense prior to my trial, therefore rendering constitutionally ineffective assistance of counsel.

This Declaration is brought in good faith. 28 U.S.C. § 1746.

Dated: 11-28-07

Respectfully submitted,

*Billy Ray Scarlett*
BILLY RAY SCARLETT, pro se
Register No. 45150-079
FCC Beaumont-Medium
P.O. Box 26040
Beaumont, Texas 77720

## CERTIFICATE OF SERVICE

This is to certify that I have mailed a true and correct copy of this motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 to Mr. Randall Joseph Hensel, AUSA, Office of the United States Attorney, Northern District of Florida, 21 E. Garden Street, Suite 400, Pensacola, Florida 32502, first class mail, postage prepaid on this 28th day of November, 2007.

*Billy Ray Scarlett*
BILLY RAY SCARLETT, pro se

- 7 -